UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HOMER LAMBRECHT, ET AL., Civil No. 02-204 RHK/AJB

Plaintiffs,

v. ORDER

FRED HAASE, ET AL.,

Defendants.

---

The above matter came on for consideration before the undersigned United States Magistrate Judge following the parties' appearance in court on May 15, 2003. On said date the parties engaged in settlement discussions, which discussions resulted in their reaching a final enforceable agreement that resolved all of the issues in the above case. The settlement agreement was placed on the record. Thereafter the Court acknowledged that the lawyers would be endeavoring to reduce their agreement into writing.

The Court has now been advised that, despite the best efforts of the lawyers, a disagreement has arisen regarding the final version of the written document that memorializes the parties' final enforceable settlement agreement that was placed on the record on May 15, 2003.

The Court having reviewed the transcript of the proceedings and the submissions of the parties hereby finds that the attached Settlement and Mutual Release Agreement fairly memorializes the agreement that the parties placed on the record and the parties and their attorneys are hereby Ordered to execute the same.

Dated: July 31, 2003

ARTHUR J. BOYLAN
United States Magistrate Judge

Filed JUL 31 2003
Richard Sletten, Clerk
Judgment Entered
Deputy Clerk's Initials

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

**Homer Lambrecht and Richard Feidt,**

**Court File No. 02-CV-204(RHK/AJB)**

Plaintiffs,

vs.

**SETTLEMENT AND MUTUAL RELEASE AGREEMENT**

**Uniscope Data Services, Inc., Fred Haase, individually and as Plan Administrator, Fiduciary of the Uniscope Data Services, Inc., Employee 401(k) Plan,**

Defendants.

---

This Settlement and Mutual Release Agreement (hereinafter "Agreement) is made and entered into as of this ____ day of July, 2003, by and between Homer Lambrecht and Richard Feidt (hereinafter "Plaintiffs"), and Uniscope Data Services, Inc., Fred Haase, individually, and as Plan Administrator, Fiduciary of the Uniscope Data Services, Inc., Employee 401(k) Plan (hereinafter "Defendants").

WHEREAS, plaintiffs were employees of defendant, Uniscope Data Services, Inc. until late summer of 2001; and

WHEREAS, defendant Fred Haase is an officer of Uniscope Data Services, Inc. and the Chief Executive Officer of EduMed, Inc., Uniscope's parent company, and EduMed, Inc. is considered by the parties to be a defendant in this matter.

WHEREAS, plaintiffs commenced an action for unpaid wages and other benefits entitled Homer Lambrecht and Richard Feidt v. Uniscope Data Services, Inc., Fred Haase, individually and as Plan Administrator, Fiduciary of the Uniscope Data Services, Inc. Employee 401(k) Plan, which was filed in the Fourth Division of United States District Court, Division of Minnesota as Court File No. 02-CV-204 (RHK/AJB), and

WHEREAS, defendant Uniscope filed counterclaims against plaintiffs alleging theft of intellectual property, inter alia, and

WHEREAS, each of the parties vigorously denies the claims brought against that party,

NOW THEREFORE, for and in consideration of the recitals and the mutual promises, covenants, and agreements set forth herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties covenant, agree and stipulate as follows:

1. Mutual Compromise. In order to avoid the expense and inconvenience of further litigation, the parties have determined to compromise their respective claims an defenses and nothing contained herein is to be construed as an admission of fact or of liability on the part of any party or of the absence of liability by any party with respect to the claims and cross-claims in the lawsuit. The parties hereto recognize that, by entering into this Agreement, plaintiffs and defendants do not admit, and do specifically deny, any violation of any local, state or federal law, common or statutory. The parties further recognize that this Agreement has been entered into in release and compromise of any and all claims which have been or might be asserted by the parties in connection with the employment of plaintiffs by defendants, and to avoid the expense and burden of any further litigation related thereto.

2. Representations and Warranties. Plaintiffs and defendants represent and warrant to each other:

2.1. It is the owner, free and clear, of each of the rights to prosecute and/or compromise and settle all of the claims released by that party in this Agreement.

2.2. It has not transferred, hypothecated, assigned, or suffered the involuntary loss of any of the rights to prosecute or to compromise and settle any of the claims released by that party in this Agreement; and

2.3. The individuals signing this Agreement on behalf of the parties are authorized to bind those parties into such an Agreement.

3. General Release.

3.1. In exchange for the payment by defendant Uniscope of the sum of Twenty-Six Thousand Dollars ($26,000.00) as follows:

a. $6,000.00 payable in certified funds payable to Homer Lambrecht, Richard Feidt and their attorneys, William Starr and Charles J. Beckjord by defendant Uniscope Data Services no later than August 15, 2003; and

b. The balance of $20,000.00 together with interest at the rate of six (6) percent per annum shall be paid by defendant Uniscope Data Services at the rate of $500.00 per month commencing August 1, 2003. Payments shall first be applied to interest and the balance to principal. The remaining balance shall become due and payable in full on Monday, February 2, 2004;

plaintiffs do hereby for themselves and their heirs irrevocably and unconditionally release, acquit and forever discharge defendants, and their current and former shareholders, directors, officers, employees, agents, heirs, assigns, successors, predecessors, parents, subsidiaries, partners, affiliated companies, representatives, attorneys, insurers, executors, administrators (hereinafter collectively referred to as the "Releases") from all claims, complaints, grievances, liabilities, obligations, promises, agreements, damages, causes of action, rights including, but not limited to, indemnification or contribution, debts, demands, controversies, costs, losses, damages and expenses whatsoever (including attorneys' fees and expenses), other than any arising under this Agreement, under any municipal, local, state or federal law, common or statutory, whether arising in contract or tort, including each and every claim asserted by the plaintiffs for any actions whatsoever, whether known or unknown which existed or may have existed prior to, or contemporaneously with, the execution of this Agreement.

3.2. In exchange for the execution of this Agreement by the plaintiffs, the sufficiency of which is hereby acknowledged, the defendants, on behalf of themselves, their current and former parents, subsidiary affiliates, and related corporations, firms, associations, partnerships and entities, their respective successors and assigns, and the current and former owners, shareholders, directors, officers, employees, agents, attorneys, representatives and insurers of said corporations, firms, associations, partnerships, and entities and their guardians, successors, assigns, heirs, and executors irrevocably and unconditionally release, acquit, and forever discharge the plaintiffs and each other from all claims, complaints, grievances, liabilities, obligations, promises, agreements, damages, causes of action, rights including, but not limited to, indemnification or contribution, debts, demands, controversies, costs, losses, damages and expenses whatsoever (including attorneys' fees and expenses), other than any arising under this Agreement, under any municipal, local, state or federal law, common or statutory, whether arising in contract or tort, asserted by defendants in the lawsuit, for any actions or omissions whatever, whether known or unknown, which existed or may have existed prior to, on contemporaneously with, the execution of this Agreement.

3.3. In the event defendant Uniscope fails to pay any sum due hereunder within fifteen (15) days from the date plaintiffs furnish written notice of default, plaintiffs shall be entitled to entry of judgment against defendant Uniscope in the amount of Forty-Five Thousand Dollars ($45,000.00) less any sums paid pursuant to this settlement and release agreement. In the event defendant Uniscope fails to pay the above referenced Six Thousand Dollars ($6,000.00) in the manner set forth above by August 15, 2003, plaintiffs shall be entitled to judgment against defendants Haase and Uniscope, jointly and severally, for the said Six Thousand Dollars ($6,000.00).

3.4 As further consideration, plaintiffs shall indemnify, defend and hold harmless the defendants from and against any and all past, present and future claims for contribution, indemnity, subrogation or otherwise made by any and all other persons, firms, corporations, governmental entities or other entities against the defendants arising from or in any way related to the claims.

3.5. As further consideration, defendants shall indemnify, defend and hold harmless the plaintiffs from and against any and all past, present and future claims for contribution, indemnity, subrogation or otherwise made by any and all other persons, firms, corporations, governmental entities or other entities against the plaintiffs arising from or in any way related to the claims.

4. Confidentiality. The parties acknowledge and agree that they, as well as their attorneys, will keep the terms, amount, copies and fact of this Agreement strictly and completely confidential and that neither they nor their attorneys will communicate or otherwise disclose to any member of the general public the terms, amounts, copies or fact of this agreement, except that the parties may make disclosures to their attorneys, and tax/financial advisors as long as they agree to keep the information confidential, or as required by law, court order, subpoena, or judicial proceeding, or as are necessary for the parties to conduct their business. The parties agree that in response to any inquiry regarding the parties' dispute or claims, the parties shall respond that a dispute arose and it was resolved, or words to that effect.

5. Mutual Non-Disparagement. The parties expressly acknowledge, agree, and covenant that they will not make any public or private statements, comments, or communications in any form, oral, written or electronic, which in any way could constitute libel, slander, or disparagement of each other.

6. Execution. This agreement may be executed in counterparts, each of which shall be deemed an original and all of which, taken together, shall constitute one agreement. Facsimile copies of signatures on this agreement shall be domed valid and original.

7. Attorneys Fees. Should any party hereto institute any action or proceeding to enforce any term or provision hereof, or for damages by reason of any alleged breach of any term or provision hereof, or for a declaration of such party's rights or obligations hereunder, or for any other judici8al remedy, whether legal or equitable, the prevailing party shall be entitled to recover from the losing party all attorneys' fees, costs and expenses actually paid by the prevailing party to their attorneys for the services rendered the party prevailing in any such action or proceeding and in collecting any judgment.

8. Acknowledgment. By executing this agreement, the parties acknowledge that (a) they have read this agreement and fully understand its terms and their import; (b) except as provided by this agreement, they have no right or claim to the benefits described herein; (c) the

consideration provided for herein is good and valuable; (d) they have consulted with and received advice from legal counsel of the choice with respect to this Agreement; and (e) they are entering into this Agreement voluntarily, of t heir own free will, and without any coercion, undue influence, threat, or intimidation of any kind or type whatsoever.

9. Severability. If any provision or term of this agreement is held to be illegal, invalid, or unenforceable, such provision or term shall be fully severable; this agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised part of this agreement, and the remaining provisions of this agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of each such illegal, invalid, or unenforceable provision or term there shall be added automatically as a part of this agreement another provision or term as similar to the illegal, invalid, or unenforceable provision as may be possible and that is legal, valid, and enforceable.

10. Entire Agreement. This agreement constitutes the entire agreement of the parties, and supersedes all prior and contemporaneous negotiations and agreements, oral or written. All prior and contemporaneous negotiations and agreements are deemed incorporated and merged into this agreement and are deemed to have been abandoned if not so incorporated. No representations, oral or written, are being relied upon by either party in executing this agreement other than the express representations of this agreement. This agreement cannot be changed or terminated without the express written consent of the parties.

11. Governing Law. This agreement shall be governed by and construed in accordance with the laws of the State of Minnesota.

______________________________
Homer Lambrecht

Subscribed and sworn to before
me this ___ day of _____, 2003.

______________________________
Notary Public

______________________________
Richard Feidt

Subscribed and sworn to before
me this ___ day of ______, 2003.

______________________________
Notary Public

Uniscope Data Services, Inc.

By ______________________________
Fred Haase
Its ______________________________

Subscribed and sworn to before
me this ___ day of ______, 2003.

______________________________
Notary Public

______________________________
Fred Haase, individually, and as Plan
Administrator, Fiduciary of the Uniscope
Data Services, Inc., Employee 401(k) Plan

Subscribed and sworn to before
me this ___ day of _____, 2003.

______________________________
Notary Public

EduMed, Inc.

By ______________________________
Fred Haase
Its ______________________________

Subscribed and sworn to before
me this ___ day of _____, 2003.

______________________________
Notary Public